Good morning, Your Honor. My name is John Eastman. I'm representing the American Civil Rights Union, the appellant in this case. I want to start off by acknowledging that the national voter... I'm sorry, go ahead. No. Yes, somehow the slip had my co-counsel, but we had filed the oral argument that I would be arguing. Okay. And you are Mr. Eastman? I am Mr. Eastman, yes. I want to start by acknowledging the National Voter Registration Act is rather confusing on a whole lot of levels. I'm not sure it's all that confusing. Well, it's... It's confusing to try to dig something into it that's not there. There's a lot of back and forth and a lot of cross-references, and Congress didn't help. Well, how do you... let's ask how do you find a... we had a case the other day where we had a path, like easy path, whatever it was. How do you... how do you get where you want us to go? Sure. We've got Pennsylvania statute. We've got NVRA. We've got HAVA. And to my view, since HAVA says you need to comply with NVRA, and NVRA would not require the... you know, when you're talking about computerized, would not require felon, incarcerated felons to be removed from the list. How do you get there? Well, I do think the NVRA requires incarcerated felons to be removed from the list. So what... Well, so there are several different places where I think it does that. The first, I think it's implied in section... subsection A3. Now, that on its face provides that the name of a registrant may not be removed except as provided by state law by reason of... By reason of... By reason of criminal conviction. All right, and state law here does not... Well, I think that's incorrect as well. State law, state law, and I think council for the city, the commissioners, has misstated state law here. State law, state law specifically says there are only four grounds for removing people, but removing electors. And they've overlooked the definition of electors. Qualified electors under state law do not include incarcerated felons. What about the Nixon case? What's that? What about the Nixon case? The Nixon case doesn't dispute that. The Nixon case specifically says that incarcerated felons are not eligible to vote. And therefore, they're not qualified electors. But it doesn't say qualified electors, it says elector. It says electors, but the Nixon case... And in fact, under B, it assumes that some people aren't eligible, and that's the way you're going to get them off. So elector is used in a broad way. Well, electors is used in a broad way, and qualified electors is the... But I'm in A1 through 4, and I do not find... It says, an elector's registration shall not be canceled except as follows. And it says, at the request, no. Upon the death, no. Moved, no. Or under a voter removal program, under B, and there is no voter removal program. So how do you... Well, if we're to take that as the understanding of Pennsylvania law, it's an absurd reading, because that would mean if a child is on the voter roll, we couldn't remove them. No, because a child would be there in violation of state law. That's right. And so one of the confusions is the difference between being registered and being eligible to vote. Electors must be eligible... Well, an elector would be someone who is over 18 years of age. So a child, that doesn't work. Well, a child at 17 can be registered to vote, but is not yet eligible to vote. And that distinction that the lower court confuses, I think, is really critical. And opposing counsel has conceded it. What does elector mean? Elector means eligible to vote. Over 18. Over 18, eligible to vote. And yet 17-year-olds can register in this state, and they're on the voter rolls... Oh, so over 17. Well, no, 17, you can register to vote, but you're not eligible unless you hit 18. If we had that fact pattern, whether it was 17 versus 18, that would matter. But that's not the source. No, but the point is that we can have people who are on the registered rolls but are not eligible to vote. And what the NVRA, certainly it's supplemented by HAVA, but the NVRA itself requires list maintenance to make sure that ineligible voters are not on the list of eligible voters that is produced for the precincts. Well, the reason that incarcerated children are not eligible is because they cannot get the absentee ballot. Now, that's not what Nixon says. Nixon goes beyond that. Because if that were true, and we recognize that they are eligible to vote, and then you deprive them of an absentee... Forget what the statute says. Forget Nixon for a second. I know I brought it up, but forget that for a second. Isn't that what Pennsylvania law says? Pennsylvania law, two points. They're not qualified absentee electors, and Nixon says that's the only way they can vote, and therefore they're not qualified electors. That's what Nixon says. But isn't the point that there is a provision here that the U.S. attorney refers the fact that someone is an incarcerated felon to an election official, and then presumably that election official would notify the local precinct or whatever, and that person, if they come, if they send in an absentee ballot, it's not going to be counted. That's what happens. That's not what happens. Because there's no indication in the voter rolls that that person is a convicted or incarcerated felon. How do you get a mandatory requirement that Pennsylvania must remove from computerized programs anyone who is an incarcerated felon? Section C-2A of the National Voter Registration Act. A state shall complete, not later than 90 days, any program to systematically remove names of ineligible voters. Keep going through as ineligible. Ineligible, that's right. And the lower court has just filed a law. No, the law is a matter of state law. It's a matter of state law, and there's no question that felons are ineligible voters while they are incarcerated. And the city's brief doesn't contest that. The city's brief is full. It never once ratifies the lower court's assumption that they're eligible voters. I can't hear you. Sorry, I'm sorry. Folks next door can hear you. Yeah, I'm in California. I've got to hear them all the way back there. Sorry. Sometimes when you may not want to hear you. The lower court, this is one of the key errors of the lower court's decision on which the city and we agree. Incarcerated felons are not eligible to vote, even though they may remain registered if they were registered before they became incarcerated. They are not eligible to vote. Where does that get you? We all agree on that. I'm trying to set this clear there. But where does that get you? Well, that gets me under C-2A. That is, state shall complete its voter make-list meetings to systematically remove names of eligible voters. But that refers back to, the whole situation refers back to A-4. And A-4 only has death and change of residence. Well, it's broader than that. Because A-4 also says it has to be done in accordance with Subsections B, C, and D. Subsection C is relevant here. And that specifically references back to A-3B, which is the felon conviction and eligibility. As provided by state law. As provided by state law. As provided by state law. And there's no question that under state law, incarcerated felons are ineligible to vote. Even though they may stay registered. In a way that would require the state to remove persons who are currently incarcerated, knowing that they can come back and register once they get out. Well, there are a number of different remedies the state might have. The National Voter Registration Act obligation is to make sure their lists are current and accurate of eligible voters. Why do you care? Why do I care? Because when felons who are ineligible to vote cast a vote, they dilute the votes of those who are equally eligible. They're still in prison. They're not voting. That's not true, Your Honor. What's the difference between absentee ballots in prison? Well, the Attorney General of this state has acknowledged that incarcerated misdemeanants and pretrial detainees are eligible to vote by absentee while they are incarcerated. Well, are you saying that pretrial detainees should not have the right to vote? No, I'm not. But the point is, when a pretrial detainee submits an absentee ballot application, the court processes it even though the absentee ballot application is going to the prison. And right now, the voter system in Pennsylvania has no mechanism for deciding. And it's not a problem. It's a gigantic problem. Well, We're doing global warming. Your Honor, the point is not whether it's a problem. The point is that the city of Philadelphia is doing nothing to make sure its voter lists do not have people on them who are ineligible and instead claim that they're eligible. But Pennsylvania, the statute doesn't express this concern. It says an elector's registration shall not be canceled except as follows. And A3 says may not be removed except as provided by state law. Well, no, no, that's not what it says, Your Honor. I'm sorry, I'm reading it. What does it say? Look at where the colons and the commas are. You're reading the as provided by state law as if it's modifying removed. It is modifying by criminal conviction or mental incapacity. And the separation of those separate clauses by colons indicates that as provided by state law, it's only a question of whether state law defines somebody as a felon to be ineligible. And the reason it's written in the way it is is because of the federal constitution's obligation that states get to set qualifications. And so it defers to the state on the question of eligibility. And the state can decide that felons are entirely eligible to vote or entirely ineligible to vote or it can decide, as Pennsylvania has, that they're eligible if not incarcerated. Well, Pennsylvania may make them ineligible, but Pennsylvania has said we're not removing or canceling someone's registration. Well, okay, we don't cancel the registration. That doesn't mean they're eligible. And so we've got different remedies. You could either remove them from the rolls altogether. That would be canceling the registration. You could tag them as inactive until they're no longer incarcerated. That's what Pennsylvania law currently does with 17-year-olds who are allowed to register before they're eligible to vote as long as they'll be 18 by the next election and they're tagged as inactive until their 18th birthday. So it would be all right if it was an incarcerated felon who was going to be released before the next election? That's right. And as long as the rolls reflect that they are not eligible now, because the next election in November of 2018, we might have a special election before that. And the rolls, in order to be properly maintained, in accord with the NVRA, they have to not include ineligible voters on the list that goes to the precinct or the list that is reviewed by the county clerk in responding to absentee requests. This would make you crazy if you were an election official. Well, I don't work there. It doesn't make me crazy. I mean, if somebody's in prison and then they get out of prison and somebody else is in prison and they get out and you've got to change the rolls every day? Well, that's the obligation of the NVRA. That's right. You have to have your rolls current and accurate. That's why it defers to state law because they don't want these officials to have to be on the list. It defers to state law on the eligibility question, not on the mechanism. The mechanism for removal is mandated by the NVRA. And if we were to read the state law mechanism for removal as limited to those four categories, it's absurd. We could not remove a child. We could not remove somebody who registered as Mickey Mouse from the voter rolls because that's not included either, a fictitious character. And, you know, I mean, there's another, there's another. That's basically, in one case, you've gotten somebody who is ineligible under state law. In the other case, you've got blatant fraud. And you're saying that state law doesn't allow that person to be removed? If a felon incarcerated who is not eligible to vote applies for an absentee ballot, that also is blatant voter fraud. And there is no second. If they apply for an absentee ballot and then return it to vote, well, even applying for the absentee ballot is voter fraud. But if they cast a vote, an absentee vote, that's voter fraud. And there are two different things. You said applying for it is voter fraud. Then you said when they cast the vote. Both are because they are not allowed to apply for an absentee ballot while they are an ineligible voter. And felons, while they are incarcerated, are ineligible to vote. On that point, the city agrees with us. And on that point, therefore, the lower court decision is clearly in error. And if they're ineligible to vote, the other piece of the district court decision concedes that we're correct. If they are ineligible to vote, the National Voter Registration Act requires the state to take action to remove them from the list of eligible voters. Maybe they don't have to remove them from the broader list of registered voters, but they've got to somehow note that they are not eligible. Did you save some time? I did. I did save some time. Thank you. Good morning, Your Honors. Good morning. May it please the Court, my name is Kelly Duffley. I represent the appellee, the Philadelphia City Commissioners, in this action. I'm essentially going to make two points. First is just a primary statutory construction act with respect to what the plain language of the NBRA requires. And essentially, it only requires removal of ineligible voters for two categories of persons, and that's people who have died and who have moved. And it's not based on criminal conviction status. And then secondly, we can move on to what Pennsylvania law requires. So sort of assuming that there is some sort of obligation to remove persons based on criminal conviction status, then we need to look to what Pennsylvania law requires. How about fraud? How about fraud? If someone is pretending to be someone else and they have registered to vote, and it's fraudulent, let's say they're 15 years old and they're really not supposed to be voting, then can they be removed from the registration list? Right. I think that although fraud wasn't pled in plaintiff's complaint, clearly the law is pleading. I'm talking about the statutory provision of Pennsylvania law. Right. I think that fraud underpins this case, clearly. I think the question for the Court to consider is whether or not the federal statute that they are pleading, we have violated, requires removal for criminal conviction. And the question is if someone registered incorrectly because they were 15 years old, would it require the city to remove them for being 15 years old? And I would present to your honors that the plain language of this statute would not, under the NVRA, require a student to be 15 for being 15 years old. Perhaps there would be some sort of remedy under state law for requiring the commissioners to do list maintenance under their obligations pursuant to state law, but that issue is not before the Court. Which is kind of like the Missouri case, the 2006 district court case decided by the opponent. That would kind of be that issue, the authority and responsibility of the state vis-à-vis the local election authority. Right. You know, I think we need to come back to, you know, what does the NVRA require and what are our obligations pursuant to the NVRA? And I think what's really important is- So how do you believe your colleague is misstating how the NVRA should be read? Because what I kept hearing my colleagues say is that the NVRA has a general requirement to remove all ineligible voters. That is not what the NVRA states. The NVRA states that pursuant, and this is, we're looking at section, section A8, A8, A8-4. And that is the section that says the state has an obligation to make reasonable efforts to remove the names of ineligible voters by reason of, and it only gives two categories, and that's death and change of residence. Those are the only categories that we have an obligation to remove ineligible voters. How do you read that in connection with A3? I read that in connection with A3. So we have A3, which is the section, of course, which addresses criminal conviction status. A3 is a protective status. And I think we need to think about the purpose of the NVRA and the backdrop of why the NVRA was enacted, which was in response to the fact that we had longstanding disenfranchisement of voters, problems with voters being registered, and purging of voters that was causing voters to be disenfranchised. You had purging programs that were taking voters off rolls. You had programs that were requiring people to re-register every year, et cetera, et cetera. You know, many barriers. And so when you look at this provision, which says, okay, not only are we going to put in provisions that make it easier for people to register, we're going to instruct you that there are very narrow categories upon which we're going to allow states to remove people. And here are the very narrow categories. You can only remove for a criminal conviction if it's allowed by state law, obviously if the registrant specifically requests to do so, and then also for death or moving. So that's a protective provision, not a required provision. And I want to point, Your Honors, to some specific language from the Senate report, which if there's any ambiguity as to which part of the NVRA is mandatory and which is permissive, I think this language clearly delineates which is which. It says states are, quote, permitted to remove the names of eligible voters from the rolls at the request of the voter, as provided by state law by reason of mental incapacity or criminal conviction. In addition, states are required to conduct a general program that makes a reasonable effort to remove the names of ineligible voters by reason of death or change in residence. And that's from the Senate report 103-6 at page 18. So, I mean, right in those two sentences, right in a row, they distinguish between permitted and required. So, Your Honors, don't even need to get to this complicated question of what does Pennsylvania law require and what doesn't require. We have to get to the Senate report because if it's not ambiguous, we can't get to the Senate report. We don't even need to get to the Senate report. That's right. The plain language of the NVRA tells us what categories of persons need to be removed on a mandatory basis. It tells us the only two categories of persons that the states must remove as ineligible are persons who died and persons who have changed residence. That is the end of the story from a statutory construction perspective, plain language, end of story. This court can end its analysis. And, in fact, the district court opinion found that as well, and it found that the analysis ended there. Now, the district court opinion was sort of a belt and suspender's opinion, and it went on to analyze all the other sections as well. C-2A. C-2A. That was the section that plaintiff addressed, and I wanted to address that as well. Interestingly, that section talks about the need to remove ineligible voters within 90 days. That is talking about general systemic removal programs that local election officials conduct to clean up their roles. A lot of programs described at B, C, and D generally. Right. But if Your Honor looks direct below 2A and looks at B there, subparagraph A shall not be construed to preclude the removal of names on the basis as described in 3A, 3, 4B, and 4A. What this says is this provision, 2A, that talks about removing ineligible voters not later than 90 days, does not apply to removal for criminal convictions. So, essentially, this provision doesn't, it explicitly doesn't apply to removal for criminal convictions. So I don't know what he was talking about to say that the 90-day provision for removal of ineligible voters applies in any way to removal of persons for criminal conviction status. It explicitly, pursuant to the plain language of the statute, doesn't apply. If I might move on to the second argument, which is... Inhale first. You sound like you're out of air. Inhale. Go ahead. So, you know, obviously, you know, we argued, willing to assuming arguendo somehow, that Section 3AB does create some sort of mandatory list maintenance obligation. The court did this as well. Belt and suspenders. You know, if it does so, then obviously the plain language defers entirely to state law. And then the question is what does state law require? So, you know... Do we need to get to HABA? Our opinion is squarely the HABA has zero... It defers to the NVRA, basically. Well, not only does it defer to the NVRA, so the analysis would be the same, but I think more importantly, and as a threshold, which I think is more importantly, is that there is no private cause of action under the HABA. And plaintiffs attempt to sort of bring in the HABA under this enhancement theory. We can just sort of import it while completely 100% ignoring the fact that HABA has... Well, they haven't had to bring it in because they're defending the sanctions in the district court because of the misleading characterization of the NVRA absent. That's correct. And, I mean, you can't just say, well, I'm going to sort of say I'm pleading a violation of the statutory provisions of HABA and completely ignore the fact that HABA has no private right of action, nor does it satisfy the requirements for a private right of action under 1983. And we, just to cover our bases, did an analysis of why that wouldn't satisfy a private right of action under Section 1983. There's no rights conferring language, et cetera. But I think it is just 100% clear that there's no right of action. So I think Your Honors can just completely ignore any provisions in HABA. Well, it's kind of hard for us to ignore something that is breached and quoted before us. This breach makes that argument pretty cloying. You're right, but you can't ignore the argument. They make the arguments. I think the city makes a compelling argument as to why those provisions are inapplicable because there's no private right of action under those. And I think it's... And you can argue with how compelling your argument is. Right. If Your Honors agree with what I believe is a compelling argument, then Your Honors need only consider the provisions of the NVRA. So just getting back to Pennsylvania law and whether Pennsylvania law requires removal based on criminal conviction status, I just want to be kind of technical about wording. The NVRA potentially would require removal based on criminal conviction status. The Pennsylvania Election Code, to the extent it does limit felons' voting rights, does it based on incarceration status. Those are not the same thing. And I think that that's important from a practical standpoint. So if you have a criminal conviction, right, if we were going to change a registration, for example, it would be pretty easy just to send in the conviction, the judgment of conviction, to local election officials. They could mark that. You could move a one-time conviction. But with incarceration status, I mean, that is a moving target. I mean, from a practical standpoint, people's dates change all the time. Maybe they're released on parole, but then they violate parole and they're back in. I mean, it is... They are not one and the same. And I think that the General Assembly's use of incarceration and putting it in the absentee ballot section is purposeful. But you do that only for incarcerated felons, right? What's that? You do that only for incarcerated felons. That's right. The same problem is there for pre-trial detainees. They decided to limit the rights of votes. But isn't the same problem there for incarcerated misdemeanors and pre-trial detainees? Well, the Pennsylvania Attorney General has decided that, notwithstanding the language in the statute, that pre-trial detainees and misdemeanors have the right to vote. So it's only felons. It's only felons, correct. So by using incarceration as the status, that doesn't even match the language of the NVRA. So just plain language, Pennsylvania doesn't have a statute that restricts the rights of voters based on conviction status. It has a statute that perhaps temporarily, not perhaps, it does temporarily restrict the right to vote based on incarceration status. Does it decide or does it restrict the right to vote absentee? In reality, it's the same thing. But in theory, it couldn't be. That's right. Right, but it's the recognition that this is a temporary status. This is a temporary status on State Road, so there's no one voting absentee. It's a temporary status. So if there was an election day furlough, all incarcerated felons are furloughed on election day, they could go vote as long as they're registered to vote. But if they were taken off the registration rolls, then they'd have a problem. That's right. And actually, one of the plaintiffs in Nixon, they talked about the fact that he, at one point, had been essentially furloughed in anticipation of his upcoming parole. He did go out and vote, and then he was back in prison. I mean, he legally went out to vote, and then he came back in prison to serve out the rest of his sentence. And there was nothing untoward about that, because that was permissible under our statutory scheme. He wasn't a war leader, was he? What? He wasn't a war leader, was he? No. So, and, you know, just getting to Nixon, you know, it's important to consider that, you know, Nixon considered this issue about the distinction between the right to be registered and the right to vote. The holding of Nixon, which struck down the limitation on the right of the unregistered felons, the previously unregistered felons, to not be able to register for five years once they left prison, was fully premised on the idea that the comparator class, which was people who were registered before they had entered prison, you know, have the right to cast their ballot immediately upon leaving prison.  What does elector include under the Pennsylvania statute? Elector. Elector. I mean, I think it can be a broadly construed term. I think I need a little bit more guidance on what you're on. Well, the provision that your colleague says that elector really doesn't mean, doesn't include someone like an incarcerated felon. It says removal of elector's registration record, and it doesn't say, you know, who actually is an elector. I didn't know if it was defined. Right. Well, I think by no interpretation does an incarcerated felon who is unable to vote during this limited period while they are incarcerated, they certainly remain an elector. I think that's certainly the city's position. I think that's consistent with. That's another question that you never quite answered. Incarcerated felons, are they only eligible to vote because they can't get an absentee ballot, or are they substantively ineligible to vote irrespective of not being able to get an absentee ballot? I think that the General Assembly made a judgment that they are not eligible to get an absentee ballot, and that that's recognizing the temporary nature of their incarceration and in so doing that they should. If they could vote without getting an absentee ballot, they would be eligible to vote. Is that what you're saying? If they put a polling place in the prison. I suppose if there was a judgment made to do so, they could. I mean, I don't think that that's on the horizon. I do want to allay this Court's fears a little bit about these concepts of fraud. I mean, the city commissioners are not sending absentee ballot applications or absentee ballots to the prisons. If a prisoner writes to the prison with a prison address, the commissioners are not sending ballots to the prisons. I mean, they understand that prisoners are not allowed to cast ballots, and in the prisons where there's mixed misdemeanors and felons, there's a designee in the prison who is the person to whom they work with, and that person sorts out who's allowed to vote and who's not. So this idea that there's going to be rampant voter fraud is just in no way founded at all. So unless your honors have any more questions, we would ask that you affirm the judgment below. I want to take up that last point first because, quite frankly, I'm a little bit surprised that they're arguing now that the incarcerated felons are eligible to vote. Throughout their brief, they don't ever once ratify that erroneous holding of the district court. And, in fact, in the latest report to the Federal Election Assistance Commission by the Pennsylvania Attorney General, they specifically say, convicted felons who are incarcerated on the date of the election are not eligible to vote, regardless of whether they are registered. So Pennsylvania law acknowledges that they make a distinction between who's registered and who's eligible. The requirements of the NVRA say you've got to do list maintenance to make sure you're not producing lists of eligible voters that include people who are not eligible to vote. And whether that's under Section C2A, as we believe it is, it's two mandates there. The first mandate is that you do list maintenance to remove all ineligible voters. The second mandate is, with respect to movers, people who have moved, that that be done 90 days before the election. The exemption in C2A.2, that it doesn't apply to convicted felon status, is only the 90-day requirement. In other words, the obligation to keep voter rolls current and accurate for ineligible incarcerated felons applies even within the 90-day period. That's all that exception means. So getting this distinction between can they be registered to vote but not eligible to vote, and does the NVRA, particularly as augmented by HAVA, and there's no doubt that HAVA requires a removal broadly of all ineligible voters, but it's using exactly the same language of ineligible voter list maintenance that C2A uses, and that's why the NVRA already covers this. HAVA clarifies that a little bit more, but it doesn't change that obligation. And I'm not making this up. The United States itself, in the Missouri case, made exactly the same argument. It had four claims that Missouri was violating the NVRA. One of them was that it did not ensure list maintenance of ineligible voters, including convicted felons, that were done. And that's right there in the complaint that the United States filed. It was an NVRA complaint, not a HAVA complaint. Remember the Florida cases, the Eighth Circuit, all of these things have specifically said that the state law required that they be ineligible. And the issue here, and where you place that phrase of state law, it's not modifying, as I said earlier, removal. It's modifying the convicted status. Pennsylvania has this hybrid. We don't render all felons ineligible, only incarcerated ones. But I think the point about the fact that misdemeanors incarcerated and pretrial detainees can file absentee ballots means that the recipient of that absentee ballot has got to have a voter list that makes the distinction. Is this person an incarcerated felon and therefore ineligible under Pennsylvania law from voting? Or is this person eligible to vote and therefore receive that absentee ballot? They don't need to look at the voter list to do that. They've got the prison records as to what the person's conviction was. The clerk receiving the absentee ballot application does not have ready access to those. That's why there's a subsection G in NVRA requiring the U.S. attorney to provide felon conviction status. But they admit that they are doing nothing to tag even the voter rolls on whether this person is eligible to vote or not. And that means the rolls that are being reviewed by the county clerk's office when they get an absentee ballot to make sure this person can get a ballot, there's no notation in the voter rolls that says this person should not be given a ballot because they're ineligible to vote. And that's the sum of the NVRA violation. And it's also the sum, she focuses, my colleague focuses on... We understand your argument. We have some time for a button. Let's go a little bit. Okay. Thank you. Thank you very much, Mr. Sheehan. Next matter is Nam versus...